**FILED**

**January 13, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Christopher I.,**
**Petitioner Below, Petitioner**

**v.) No. 24-304** (23-ICA-460)

**Veronica I.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher I. appeals the memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA") that affirmed the Family Court of Randolph County's September 20, 2023, order denying his motion for reconsideration of the parties' final divorce decree. *See Christopher I. v. Veronica I.*, No. 23-ICA-460, 2024 WL 1728970 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision).[1] He contends that the family court erred in separately valuating a piece of real property and the timber upon it for the purpose of equitable distribution.[2] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the decision of the ICA is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner and the respondent were married in October 2006 and separated in September 2020. The respondent filed for divorce in the Family Court of Randolph County. At the time of the separation, the respondent and the parties' minor children remained in the marital home located in Randolph County, while the petitioner moved to a separate piece of real estate in

---

[1] The petitioner is represented by counsel Kimberly M. Kosloski, and the respondent is represented by counsel Jeremy B. Cooper. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. Proc. 40(e).

[2] The petitioner does not differentiate between the family court's final divorce decree and its order denying his motion for reconsideration for the purposes of his arguments on appeal. We note, however, that the petitioner filed his motion for reconsideration outside the thirty-day timeframe for filing an appeal of the family court's final order as set forth in Rule 13 of the West Virginia Rules of Appellate Procedure. Pursuant to Rule 28 of the West Virginia Rules of Practice and Procedure for Family Court, the time for filing an appeal of the family court's final order is tolled if the party files a motion for reconsideration within the timeframe for filing an appeal. Accordingly, as correctly pointed out by the ICA, only the family court's order denying the motion for reconsideration is before us for consideration.

Barbour County that the parties had purchased just prior to their separation. During the course of the litigation, the respondent sought to have the timber located on the Barbour County property valued for the purposes of equitable distribution.

The family court held the final hearing on the divorce petition over the course of three days in 2022. The petitioner testified that the parties never intended to timber the Barbour County property and, as such, the value of the timber should not be considered for purposes of equitable distribution. In contrast, the respondent and two other witnesses testified that the Barbour County property had been purchased for the purpose of cutting and selling the timber. Richard Depp, a consulting forester, appraised 110 acres of timber on the Barbour County property and testified that the timber's quality ranged from good to very good and that its value was estimated to be $298,864.38, less his ten percent commission fee to timber the property, resulting in a final value of $268,977.94. Eric Hickman, a real estate appraiser, appraised the Barbour County property for $295,000.00, and he testified that he did not separately value the timber because adding the value of the timber to the market value of the property would be considered "double dipping" for real estate valuation purposes. He further testified that the presence of the trees on the real property does not affect its marketability and that the removal of the trees from the property would have little, if any, effect on the property's value so long as it was properly maintained.

On April 25, 2023, the family court entered its final divorce decree. Relevant to this appeal, the family court found that the parties purchased the Barbour County property with the intent to timber the land and, as such, valued the real property at $295,000.00 per Mr. Hickman's testimony and valued the timber separately at $268,977.94 per Mr. Depp's testimony. The family court awarded the petitioner exclusive possession and ownership of the Barbour County property and its timber, along with the right to choose whether to timber the property. The family court awarded the respondent the marital home located in Randolph County, which was valued at $120,000.00. The family court also ordered the petitioner to pay the respondent an equalizing payment in the amount of $125,888.97.

Subsequently, on May 31, 2023, the petitioner filed a motion for reconsideration with the family court pursuant to West Virginia Code § 51-2A-10(a),[3] moving the court to clarify and reconsider its separate valuation of the Barbour County property's market value and timber value. By order dated September 20, 2023, the family court found that "[a]ll of the issues raised and argued" in the petitioner's motion "have already been argued in court, *ad nauseum*." The family court stated that it had carefully considered the testimony presented, which indicated that the parties had considered the "significance" of the timber when purchasing the property and intended

---

[3] West Virginia Code § 51-2A-10(a) provides that

[a]ny party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

to "utilize" the timber. Accordingly, the family court denied the petitioner's request to reconsider its separate valuations of the Barbour County property and its timber.

The petitioner appealed the order denying his motion for reconsideration to the ICA. By memorandum decision, the ICA affirmed the family court's order. *See Christopher I.*, 2024 WL 1728970. The petitioner now appeals.[4] Our standard of review is set forth in Syllabus Point 3 of *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024):

> On appeal of a final order of a family court from the Intermediate Court of Appeals of West Virginia, the Supreme Court of Appeals of West Virginia shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Supreme Court of Appeals shall review questions of law de novo.

The petitioner argues that the ICA erred in affirming the family court's order denying his motion for reconsideration because the family court's decision to separately value the Barbour County property and its timber was in error. Upon our review, we find no error. The family court thoroughly considered the petitioner's arguments and addressed his claims below, finding that the parties purchased the property with the intent to sell the timber and that Mr. Hickman only appraised the value of the real estate without considering the value of the timber if cut and sold. As such, the family court adopted Mr. Depp's valuation of the timber and Mr. Hickman's valuation of the real property in order to equitably distribute the marital assets. Aside from raising these same arguments asserted below, which the family court said had been litigated *ad nauseum*, the petitioner fails to demonstrate that the family court's order denying his motion for reconsideration was an abuse of discretion. Accordingly, we find that the ICA did not err in affirming the family court's order denying the motion for reconsideration. We, therefore, affirm the decision of the ICA.

Affirmed.

**ISSUED:** January 13, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[4] The ICA also affirmed the family court's denial of an award of credits pursuant to *Conrad v. Conrad*, 216 W.Va. 696, 612 S.E.2d 772 (2005) (discussing a potential credit to a party in divorce proceedings where that party has made payments of marital debt or maintenance on the marital home between the time of separation and the divorce). This issue is not raised on appeal to this Court.